UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN TRINCHERA OCAMPO,<br><br>         Plaintiff,<br><br>    v.<br><br>NANCY GONSALEZ, et al.,<br><br>         Defendants. | Case No. 1:22-cv-01528-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE<br><br>(ECF No. 3)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Alan OCampo ("Plaintiff") is a detainee at an immigration detention facility, and is proceeding *pro se* in this action.

Plaintiff filed the complaint commencing this action on November 28, 2022.  (ECF No. 1).  On December 15, 2022, the Court screened Plaintiff's complaint and found that it "fails to comply with Rule 8(a).  Additionally, Plaintiff appears to challenge both his criminal conviction and his current detention, which he cannot do in this civil rights action."  (Id. at 10).  The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint, along with either an application to proceed *in forma pauperis* or the $402 filing fee for this action; b. File a notice of voluntarily dismissal; or c. Notify the Court in writing that he wants to stand on his complaint, along with either an application to proceed *in forma pauperis* or the $402 filing fee

1

for this action." (Id. at 11-12).  The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (Id. at 12).

Plaintiff's deadline to respond to the screening order has passed, and Plaintiff has not filed an amended complaint along with either an application to proceed *in forma pauperis* or the $402 filing fee for this action, or otherwise responded to the Court's screening order. Therefore, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with a Court order and to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id.  Plaintiff's failure to respond to the screening order is delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay and preventing this case from progressing.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen to stop prosecuting this action and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's detention and failure to pay the filing fee, it appears that monetary sanctions are of little use.  And as Plaintiff has decided to stop prosecuting this case, excluding evidence would be a meaningless sanction.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __January 30, 2023__                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE